

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 3, 1961

Honorable Raymond W. Vowell
Executive Director
Board for Texas State Hospitals
 and Special Schools
Box S - Capitol Station
Austin, Texas

Opinion No. WW-1081

Re: Questions relating to con-
tract between State Board
of Control and City of Big
Spring for supplying water
to Big Spring State Hospital.

Dear Mr. Vowell:

Your request for an opinion reads as follows:

"Under date of March 5, 1959, this
office submitted to you a request pertain-
ing to the validity of a water contract
between this Board and the City of Big
Spring for the supplying of water to the
Big Spring State Hospital. Our question
was subsequently answered by you in
Opinion No. WW-689 dated August 17, 1959.

"Presumably, as the result of said
opinion there was enacted during the 57th
Legislature H.C.R. 20 by Read, a copy of
which is enclosed for your information.
As a result of the passage of this Resolu-
tion, the City of Big Spring has again
approached this Board with a view of re-
negotiating our present water contract;
however, certain questions have arisen
relative to our authority to so renegotiate.

"It would be appreciated if you would
give this matter further consideration and
advise whether or not this Board is present-
ly empowered to renegotiate the water con-
tract with the City of Big Spring."

The original authority to contract for the hospital's water supply is found in the statute directing the establishment of said hospital, Article 3185a, Vernon's Civil Statutes, wherein it was provided that, ". . . the Board of Control . . . shall have the power and authority to do and perform all things necessary for carrying out the purpose of this Act. . . ." As noted in our previous opinion on this subject (WW-689), this power and authority was transferred to the Board for Texas State Hospitals and Special Schools by Article 3174b, Vernon's Civil Statutes.

This prior opinion also made the following statement with reference to the Board's right to renegotiate the subject contract:

> "It is our opinion, however, that this is a valid and subsisting contract and the Board has no right to and cannot terminate said contract or renegotiate said contract so long as the State of Texas in good faith maintains and operates the Big Spring State Hospital at the City of Big Spring, Texas."

We are of the opinion that the passage of H.C.R. 20 does not authorize the Board to renegotiate the contract, under the facts stated, for the reason that an attempt to increase the payments made to the City of Big Spring, when the state is to receive no new, adequate consideration, would violate Sections 44 and 55 of Article III of the Constitution of Texas, quoted in part below:

> "Sec. 44. The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; . . ."

> "Sec. 55. The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or

individual, to this State or to any county
or defined subdivision thereof, or other
municipal corporation therein, except
delinquent taxes which have been due for
a period of at least ten years." As
amended Nov. 8, 1932.

It is well settled that a resolution does not have the
force and effect of a statute, but is rather an expression
of the Legislative opinion or will with regard to a particular subject. But neither resolution nor statute may authorize action by any agency or officer of the state that is
prohibited by the Constitution.

In Delta County v. Blackburn, 100 Tex. 51, 93 S.W. 419
(1906), the action of the Commissioners' Court in reducing
the rate of interest that a note given to the County by a
purchaser of land was to bear for the remainder of time until
payment was held to be a release to the purchaser of an
obligation to the County which was forbidden by Section 55
of Article III of the Constitution of Texas.

In Rhoads Drilling Co. v. Allred, 123 Tex. 299, 70
S.W.2d 576 (1934), the Court, in considering statutory provisions authorizing the State Board of Mineral Development to
modify or revise existing oil and gas leases by reducing,
within limitations, royalties payable to the State, presented
the constitutional question posed as follows:

"The question presented is whether these
sections of the Constitution, /Sections 44,
51, 53, and 55 of Article III/ or any of them,
prohibit the Legislature from authorizing the
diminishing or reducing, for a consideration,
of an executory obligation to the state in an
existing contract. Or the question may be
said to be whether the Legislature has the
authority in view of these sections of the
Constitution, to authorize the amendment or
modification of an existing contract with the
state, for a consideration."

In upholding the constitutionality of the statute,
the Court made the following statements:

"Since none of the sections of the Constitution which have been cited forbids,
either in terms or by necessary or reasonable

implication, the changing or modifying of contracts with the state so as to reduce for a consideration executory obligations to the state, and since the decisions which have been discussed construe these sections of the Constitution as forbidding gifts, gratuities, or bounties, or the gratuitous releasing or extinguishing of obligations, our opinion is that chapter 120 in its necessary effect and operation as determined from its terms, is not unconstitutional. Judkins v. Robison, 109 Tex. 6, 160 S.W. 955. It authorizes the board to revise existing contracts, but it contemplates and provides that the revision be accomplished by supplemental contract, meaning, of course, a valid contract support- ed by a consideration. (Emphasis added)

"The act would be within the constitution- al prohibition if it undertook to authorize the gratuitous releasing in whole or in part of an existing indebtedness, liability, or obliga- tion to the state. Delta County v. Blackburn, 100 Tex. 51, 93 S.W. 419, 420; Judkins v. Robison, 109 Tex. 6, 160 S.W. 955; Greene v. Robison, 177 Tex. 516, 8 S.W. (2d) 655; Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W. (2d) 265."

Under the facts presented, it does not appear that the parties contemplate an assumption by the City of any obliga- tion beyond that which it is presently bound to perform. In the event the parties reach an agreement affording a new and adequate consideration to the State, they then may renegotiate the contract.

### S U M M A R Y

The Board for Texas State Hospitals and Special Schools is not empowered to re- negotiate its water contract with the City of Big Spring unless such renegotiation affords some new and adequate consideration to the State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Dudley D. McCalla_
Dudley D. McCalla
Assistant

DDM:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
William E. Allen
Raymond V. Loftin, Jr.
Houghten Brownlee, Jr.

REVIEWED FOR ATTORNEY GENERAL
BY:  Morgan Nesbitt